# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEANDRE BRESHAWN TOLLIVER, SR.,

    Petitioner,

v.                                                            Case No. 8:25-cv-946-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

DeAndre Breshawn Tolliver, Sr., is a Florida prisoner serving a life sentence for first-degree murder and burglary of a dwelling. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1; *see also* Doc. 2). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under

---

[1] A district court may *sua sponte* dismiss a § 2254 petition where, as here, the petition's "untimeliness is clear from the face of the petition itself." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). As explained below, Mr. Tolliver appears to concede that his petition is untimely, arguing only that "any time bar" is "negat[ed]" because he alleges "constitutional" violations. (Doc. 1 at 13). *Sua sponte* dismissal is appropriate in these circumstances. *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021) (affirming *sua sponte* dismissal of § 2254 petition because "everything that the district court needed to determine timeliness was provided by [petitioner] in his petition"); *Thomas v. Fla. Dep't of Corr.*, No. 21-13068, 2023 WL 4488294, at *2 (11th Cir. July 12, 2023) ("Given [petitioner's] presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss *sua sponte* [his] petition as time-barred . . . .").

AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period typically begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Tolliver's convictions were affirmed on direct appeal on November 4, 2016. *Tolliver v. State*, 205 So. 3d 603 (Fla. 2d DCA 2016). The judgment became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—February 3, 2017.[2]

After 228 days of untolled time, on September 19, 2017, Mr. Tolliver filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). *State v. Tolliver*, No. 13-CF-8239, Doc. 2 (Fla. 13th Jud. Cir. Ct.).[3] This filing stopped the clock. *See Dukes v. Sec'y, Fla. Dep't of Corr.*, No. 21-13203-C, 2022 WL 832280, at *2 (11th Cir. Feb. 9, 2022) ("A Rule 3.800(a) . . . motion tolls the limitation period."). The postconviction court denied the motion on May 22, 2018. *State v. Tolliver*, No. 13-CF-

---

[2] Mr. Tolliver does not suggest—and the record does not support—a later start date of the limitation period.

[3] The Court takes judicial notice of the relevant state-court docket sheet and orders. *See Paez*, 947 F.3d at 651 ("State court records of an inmate's postconviction proceedings generally satisfy th[e] standard [for taking judicial notice of facts under Federal Rule of Evidence 201]."). Copies of the docket sheets and orders are attached to this Order for Mr. Tolliver's reference. *See id.* at 653 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

8239, Doc. 4 (Fla. 13th Jud. Cir. Ct.). The limitation period remained tolled until June 21, 2018, "when [Mr. Tolliver] declined or failed to file a notice of appeal." *Price v. Sec'y, Fla. Dep't of Corr.*, No. 1:19-cv-309-AW-GRJ, 2021 WL 1180776, at *3 (N.D. Fla. Jan. 19, 2021), *adopted by* 2021 WL 1174790 (N.D. Fla. Mar. 29, 2021). At that point, Mr. Tolliver had 137 days—or until November 6, 2018—to file a federal habeas petition. He missed the deadline by several years, filing his petition on April 16, 2025. (Doc. 1 at 15). Thus, this action is untimely.[4]

Mr. Tolliver contends that "any time bar" is "negat[ed]" because the claims in his petition concern alleged constitutional violations. (Doc. 1 at 13). It appears that Mr. Tolliver seeks to invoke the "miscarriage of justice" exception to AEDPA's limitation period. This exception requires a showing of "actual innocence"—namely, that "in light of [] new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Mr. Tolliver does not attempt to satisfy this demanding standard. Instead, he asserts that his petition is entitled to a merits review because it raises alleged constitutional violations. (Doc. 1 at 13). But "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see also Zebranek v. Sec'y, Dep't of Corr.*, No. 8:21-cv-

---

[4] Mr. Tolliver filed a Rule 3.850 motion on November 19, 2018. *State v. Tolliver*, No. 13-CF-8239, Doc. 5 (Fla. 13th Jud. Cir. Ct.). By that time, however, the AEDPA limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

559-CEH-NHA, 2024 WL 111995, at *4 (M.D. Fla. Jan. 10, 2024) (petitioner "not entitled to the [miscarriage-of-justice] exception merely by alleging a federal constitutional violation because AEDPA's statute of limitations applies to constitutional claims").

Accordingly, it is **ORDERED** that:

1. Mr. Tolliver's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Tolliver and to **CLOSE** this case.

3. Mr. Tolliver is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Tolliver must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Tolliver cannot satisfy the second prong of the *Slack* test. And because Mr. Tolliver is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on April 28, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE